# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:25-CR-022-Y(1) |
| | J. Stevenson Weimer, assistant U.S. attorney |
| DR. JULIE HOWELL | Patrick J. McLain, attorney for the defendant |

On February 5, 2025, the defendant, Dr. Julie Howell, entered a plea of guilty to count one of the one-count information. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 18 U.S.C. § 666(A)(1) | Theft from a Program Receiving Federal Funds | June 27, 2024 | 1 |

The defendant is sentenced as provided in pages two and three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed June 10, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed June 11, 2025.

## IMPRISONMENT

The defendant, Dr. Julie Howell, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 12 months on count one of the one-count information.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on July 7, 2025, as notified by the United States marshal or as notified by the probation office.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on count one of the one-count information.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

take notice that the mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse;

provide to the probation officer complete access to all business and personal financial information;

not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer;

pay any remaining balance of restitution in the amount of $935,054.81, as set out in the judgment; and

participate in outpatient mental-health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration in addition to restitution.

The defendant is ordered to make restitution, in the amount of $935,054.81. Restitution shall be paid to the U.S. district clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Tarleton State University
Attn: Dr. Brett Powell
Box T-0110
Stephenville, TX 76402
$40,000
Re: Dr. Julie Howell

AIG Private Client Group
P.O. Box 35423
Newark, NJ 07193-0523
$895,054.81
Re: TSU Commercial Crime Policy No. 01-585-22-56

    Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $935,054.81 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $400 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

    This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of Julie Howell to pay restitution in full as soon as possible. Nothing in this order shall be construed to limit the ability of the U.S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

    However, no restitution shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration. (Macro FRM3)

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                                   _____

                                                                                                   United States marshal

                                                                    BY _____

                                                                                                   deputy marshal